Totten, J.,
dissented: I agree that where the legatee is designated as child or grand child, a legitimate will take to the exclusion of an illegitimate. The law presumes that a legitimate child was intended, and in general, it is not competent to show a different intention by-evidence extrinsic of the will.
But that is not the present case. The testator gives the slave to his daughter Ellenore, for life, remainder to his '■'•grand daughteHarriet.” The legatee in remainder is designated not only as grand daughter,, which *630 in point of fact is true, but Toy her proper name: and extrinsic evidence is competent to identify the person to whom the legacy is given by name. It is not a question of preference, but merely of intention and identity.
There being two persons of the same name, a latent ambiguity is raised, and parol evidence is competent to remove it. If there were but one, gnd that the illegitimate, would she not take the bequest? Most certainly she would. But because there are two named Harriet, it is a case of latent ambiguity, and therefore the parol proof is competent. The proof clearly shows that Harriet, the daughter of Ellenore, was intended. The present judgment extends the rule, as I think, to a new case, and violates a lawful intention of the testator.